UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| In re: MELINDA LEIGH SCOTT | CASE NO. 12-50723 |
|---|---|
| Debtor(s) | CHAPTER 7 |

ORDER

It appearing that a petition was filed pro-se and without signature or other information as to who prepared same, it is accordingly

O R D E R E D

and notice is hereby given to the debtor, pursuant to 11 United States Code Section 110, regarding Bankruptcy Petition Preparers who do so for compensation, of the necessary requirements of said Section, and the debtor shall inform any such bankruptcy petition preparer of such requirements to enable such person to comply with same. The debtor shall further advise the Clerk of the Court at the address given below, whether the debtor used a Bankruptcy Petition Preparer in this case and, if so, the name, address, social security number, and telephone number of the party so preparing, as well as the compensation paid, at the time of filing or within fourteen days (14) from the date of this Order. If such preparer is an attorney, such attorney shall be noted upon the petition and all papers therein as counsel of record.

Service of a copy of this Order shall be by mail, along with copy of 11 United States Code Section 110 and accompanying forms, to the debtor.

Date: May 29, 2012

_____
ROSS W. KRUMM, JUDGE

Mail to:

Clerk, U.S. Bankruptcy Court
116 N. Main St., Room 223
Harrisonburg, VA 22802

odfskh.frm

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| In re: | CASE NO. |
|---|---|
| Debtor(s) | CHAPTER |

**STATEMENT OF ASSISTANCE BY BANKRUPTCY PETITION PREPARER**

The undersigned hereby discloses to the Court, pursuant to 11 United States Code Section 110, that he assisted the above-named debtor in connection with the preparation and filing of the above cases.

**Name:** _____
**Address:** _____
_____
_____
**Telephone:** _____
**Social Security Number:** _____

**Amount Paid:**         $_____
**Amount Still Due:**    $_____
**Security Interest Given for**
    **Assistance, if any:**    _____

I declare under penalty of perjury that the foregoing information given in regards to assistance by non-attorney in the filing of this petition is true and correct to the best of my information and belief.

**Executed at** _____
**Executed on** _____

_____
**BANKRUPTCY PETITION PREPARER**

sabp.frm

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| In re:              | CASE NO. |
|---------------------|----------|
| Debtor(s)           | CHAPTER  |

### STATEMENT OF DEBTOR AS TO ASSISTANCE BY NON-ATTORNEY
### IN REGARDS TO PREPARING AND FILING PETITION

The above debtor hereby discloses the following information concerning assistance in connection with the filing of this bankruptcy case:

( ) 1)   No assistance was provided.

( ) 2)   Name, address, social security number, and telephone number of person or firm who provided assistance:

   _____
   _____
   _____
   _____

   3)   Amount Amount paid for same: $_____

   4)   Method of payment: _____

   5)   Balance due, if any: $_____

I declare under penalty of perjury that the foregoing information given in regards to assistance by non-attorney in the filing of this petition is true and correct to the best of my information and belief.

Executed at _____
Executed on _____

                              _____
                              **Debtor**

                              _____
                              **Joint Debtor**

soda.frm

**United States Code - Title 11.Bankruptcy**
**11 U.S.C. § 110**

**Chapter 1. General Provisions**

**§ 110. Penalty for persons who negligently or fraudulently prepare bankruptcy petitions**

(a) In this section - -

>    (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and

(2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

(b)

>    (1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to --
>
>    >    (A) sign the document for filing; and
>
>    >    (B) print on the document the name and address of that officer, principal, responsible person, or partner.
>
>    (2)
>
>    >    (A) Before preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure.
>
>    >    (B) The notice under subparagraph (A)—
>
>    >    >    (i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
>
>    >    >    (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give, in addition to any advice that the preparer may not give by reason of subsection (e)(2); and
>
>    >    >    (iii) shall—
>
>    >    >    >    (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
>    >    >    >    (II) be filed with any document for filing.

(c)

>    (1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.
>
>    (2)
>
>    >    (A) Subject to subparagraph (B), for purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.
>
>    >    (B) If a bankruptcy petition preparer is not an individual, the identifying number of the bankruptcy petition preparer shall be the Social Security account number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.

(d) A bankruptcy petition preparer shall, not later than the time at which a document for filing is presented for the debtor's signature, furnish to the debtor a copy of the document.

(e)

    (1) A bankruptcy petition preparer shall not execute any document on behalf of a debtor.

    (2)

        (A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).

        (B) The legal advice referred to in subparagraph (A) includes advising the debtor—

            (i) whether—

                (I) to file a petition under this title; or
                (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;

            (ii) whether the debtor's debts will be discharged in a case under this title;

            (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;

            (iv) concerning—

                (I) the tax consequences of a case brought under this title; or

                (II) the dischargeability of tax claims;

            (v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;

            (vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or

            (vii) concerning bankruptcy procedures and rights.

(f) A bankruptcy petition preparer shall not use the word "legal" or any similar term in any advertisements, or advertise under any category that includes the word "legal" or any similar term.

(g) A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition.

(h)

    (1) The Supreme Court may promulgate rules under section 2075 of title 28, or the Judicial Conference of the United States may prescribe guidelines, for setting a maximum allowable fee chargeable by a bankruptcy petition preparer. A bankruptcy petition preparer shall notify the debtor of any such maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor.

    (2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

    (3)

        (A) The court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph (2) found to be in excess of the value of any services—

            (i) rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition; or
            (ii) found to be in violation of any rule or guideline promulgated or prescribed under paragraph (1).

(B) All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).

(C) An individual may exempt any funds recovered under this paragraph under section 522 (b).

(4) The debtor, the trustee, a creditor, the United States trustee (or the bankruptcy administrator, if any) or the court, on the initiative of the court, may file a motion for an order under paragraph (2).[1]

(5) A bankruptcy petition preparer shall be fined not more than $500 for each failure to comply with a court order to turn over funds within 30 days of service of such order.

(i)

(1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—

(A) the debtor's actual damages;

(B) the greater of—

(i) $2,000; or

(ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

(C) reasonable attorneys' fees and costs in moving for damages under this subsection.

(2) If the trustee or creditor moves for damages on behalf of the debtor under this subsection, the bankruptcy petition preparer shall be ordered to pay the movant the additional amount of $1,000 plus reasonable attorneys' fees and costs incurred.

(j)

(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.

(2)

(A) In an action under paragraph (1), if the court finds that—

(i) a bankruptcy petition preparer has—

(I) engaged in conduct in violation of this section or of any provision of this title;

(II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or

(III) engaged in any other fraudulent, unfair, or deceptive conduct; and

(ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

(B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, or failed to disgorge all fees ordered by the court the court may enjoin the person from acting as a bankruptcy petition preparer.

 (3) The court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order issued under this section. The injunction under this paragraph may be issued on the motion of the court, the trustee, or the United States trustee (or the bankruptcy administrator, if any).

 (4) The court shall award to a debtor, trustee, or creditor that brings a successful action under this subsection reasonable attorneys' fees and costs of the action, to be paid by the bankruptcy petition preparer.

(k) Nothing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law.

(l)

 (1) A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure.

 (2) The court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer—

  (A) advised the debtor to exclude assets or income that should have been included on applicable schedules;

  (B) advised the debtor to use a false Social Security account number;

  (C) failed to inform the debtor that the debtor was filing for relief under this title; or

  (D) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.

 (3) A debtor, trustee, creditor, or United States trustee (or the bankruptcy administrator, if any) may file a motion for an order imposing a fine on the bankruptcy petition preparer for any violation of this section.

 (4)

  (A) Fines imposed under this subsection in judicial districts served by United States trustees shall be paid to the United States trustee, who shall deposit an amount equal to such fines in a special account of the United States Trustee System Fund referred to in section 586 (e)(2) of title 28. Amounts deposited under this subparagraph shall be available to fund the enforcement of this section on a national basis.

  (B) Fines imposed under this subsection in judicial districts served by bankruptcy administrators shall be deposited as offsetting receipts to the fund established under section 1931 of title 28, and shall remain available until expended to reimburse any appropriation for the amount paid out of such appropriation for expenses of the operation and maintenance of the courts of the United States.